# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2022

Lyle W. Cayce
Clerk

No. 21-40830
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTIN RIOS-GALICIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:20-CR-1516-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Martin Rios-Galicia appeals his conviction and sentence for illegal reentry into the United States after deportation under 8 U.S.C. § 1326(a) and (b)(2). Moving for summary disposition of his appeal, he contends for the first time that the recidivism enhancement in § 1326(b) is unconstitutional

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40830

because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  While Rios-Galicia acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.

Subsequent decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019).  Thus, Rios-Galicia is correct that his argument is foreclosed.  Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.